**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE EDUARDO XIQUIN HERNANDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-04631-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

Petitioner Jose Eduardo Xiquin Hernandez filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 14, 2026. (Dkt. 1.) For the reasons that follow, the Petition is granted.

## II. FACUTAL AND LEGAL BACKGROUND

Petitioner is a native and citizen of Guatemala. (Dkt. 1 at 2.) Petitioner claims he entered the United States in or about 2020. (*Id.*) Soon after Petitioner entered the United States, Immigration and Customs Enforcement ("ICE") detained Petitioner and then released him on the Intensive Supervision Appearance Program ("ISAP"). (*Id.*) On August 10, 2026, Petitioner went to a routine check-in appointment. (*Id.*) ICE detained Petitioner at that time. (*Id.*) ICE did not give Petitioner notice or a pre-deprivation hearing before a neutral decisionmaker before detaining Petitioner. (*Id.* at 5.) Petitioner

is currently detained at the Desert View Annex. (*Id*. at 8.)

August 14, 2026, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dkt. 1.) Petitioner brings three claims for relief: (1) Count One alleges Respondents violated 8 U.S.C. §§ 1226(a) and 1357(a)(2) by arresting Petitioner without a warrant and detaining him, and (2) Counts Two and Three both allege due process violations under the Fifth Amendment. (*Id*. at 53-73.) Among the relief Petitioner requests is immediate release from custody, or a constitutionally adequate custody hearing. (*Id*. at 74.)

On September 8, 2026, the Court issued a text entry notifying Respondents that the Court had not received Respondents' answer. (Dkt. 7.) The Court directed Respondents to email the Court by 4:00 p.m. the following day if Respondents intended to file an answer. (*Id*.) The Court warned Respondents that if they did not email the Court, the Court would assume Respondents were not going to file an answer, and the Court would proceed with issuing an order. (*Id*.) On September 11, 2026, the Court issued another text entry noting that Respondents had emailed the Court and informed the Court Respondents were not going to file an answer. (Dkt. 8.) The Court ordered Respondents to file Petitioner's Form I-213 no later than 24 hours after the entry of the order. (*Id*.) On September 11, 2026, Respondents filed Petitioner's I-213. (Dkt. 9.)

The I-213 states that Petitioner entered the United States at an unknown place and an unknown time. (Dkt. 9-1 at 2.) The record further states that on December 16, 2019, United States Border Patrol ("USBP") arrested Petitioner near Lukeville, Arizona. (*Id*.) Petitioner admitted to having entered the United States without being admitted or inspected. (*Id*.) On December 27, 2019, Petitioner was removed to Guatemala. (*Id*.) Petitioner then re-entered the United States at an unknown date without inspection or parole. (*Id*. at 2-3.) On September 2, 2020, USBP arrested Petitioner near Douglas, Arizona. (*Id*. at 3.) USBP served Petitioner with a Notice of Intent/Decision to Reinstate Prior Removal Order. (*Id*.) On February 10, 2021, Petitioner was convicted of violating 8 U.S.C. § 1326: Reentry of Removed Alien and

sentenced to five months in prison. (*Id.*) The same day Petitioner was sentenced, he was transferred into immigration custody. (*Id.*) The next day, Petitioner was released from immigration custody on an Order of Supervision. (*Id.*) On August 10, 2026, Petitioner reported in person to ERO Los Angeles and was taken into custody at that time. (*Id.*) Other than Petitioner's conviction for reentry, Petitioner has no criminal history. (*Id.*) Nowhere in the I-213 does it state that Petitioner failed to comply with any of the conditions of his supervision. (*Id.*)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

Petitioner's requested relief, among other things, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 74.) Respondents chose not to oppose Petitioner's claims and requested relief.

Respondents' choice not to oppose Petitioner's claims and requested relief constitutes forfeiture of the arguments Respondents could have made in support of their

position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). As numerous other courts have found, petitions should be granted when respondents fail to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."). Moreover, Local Rule 7-12 of the Central District of California plainly states, "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ".

Given Respondents' failure to file an answer and oppose the relief that Petitioner requests in the Petition, and the absence of procedural safeguards accorded to Petitioner in advance of Petitioner's re-detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as

prior to Petitioner's re-detention.

**V.**

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Jose Eduardo Xiquin Hernandez (A# 213-358-853) immediately under the same conditions as Petitioner was released prior to Petitioner's re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from Petitioner when Petitioner was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: September 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge